GOTTDIENER v. GROSSMAN et al.

(Supreme Court, Appellate Term. February 9, 1911.)

1. DISCOVERY (§ 58*)—ORDER FOR EXAMINATION—PROPER SCOPE.

An order, in an action by a salesman for his commissions, providing that defendant submit to an examination concerning the matters set forth in the affidavit and pleadings, was too broad, where the affidavit set forth, after reciting the facts involved, that affiant had no means of ascertaining the amount due otherwise than by examination before trial, and that such information was wholly within defendant's knowledge; plaintiff having full knowledge of the amount of sales and the terms of his contract of employment.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 72; Dec. Dig. § 58.*]

2. COSTS (§ 57*)—RIGHT THERETO—VACATION OF ORDER FOR EXAMINATION.

Defendants having moved to vacate or modify an improper order for their examination, no costs should have been awarded against them.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 229–249; Dec. Dig. § 57.*]

Appeal from City Court of New York, Special Term.

Action by Bernard Gottdiener against Fannie Grossman and another. From an order refusing to set aside or modify an order for defendants' examination, they appeal. Reversed, and original order modified.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Harvey C. Price, for appellants.

Samuel D. Lasky, for respondent.

HENDRICK, J. The action is for $1,500 for commissions due plaintiff as salesman, and for $450 upon an agreement to allow plaintiff to draw $25 a week when in New York City and $50 when traveling outside of New York City. The answer denies the allegations of the complaint, sets up the statute of frauds as a defense, and a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

counterclaim of $452.13 for moneys loaned to plaintiff under an express agreement. Plaintiff, in a reply, denies the allegations of the counterclaim.

The order for examination provides that defendant "submit to examination concerning the matters set forth in said affidavit and the pleadings in this action." The affidavit, after a recital of the facts involved and upon which the order was granted, sets forth:

"That deponent has no means of ascertaining the amount owing to deponent, otherwise than by an examination of the defendant before trial, and that such information is wholly in the possession of the defendants."

This is the only allegation in the affidavit as to what evidence the plaintiff requires for use upon the trial. It is necessary that the plaintiff know the amount of the sales he made in order to prove commissions due him. He has full knowledge of the terms of the agreement of employment. The order is very broad, and, as suggested by the Appellate Term upon an application for a stay pending the appeal, it should be modified by limiting the examination to the amount of commissions alleged to be due and of matters relevant thereto. The defendants having moved to vacate or modify, no costs should have been awarded against them.

Order reversed, with disbursements, but without costs, and original order modified, by limiting the examination to the amount of commissions due the plaintiff and to matters relevant thereto. All concur.